IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-156-BO

ERNESTO CARABALLO,           )
                             )
        Plaintiff,           )
                             )
v.                           )           ORDER
                             )
NANCY A. BERRYHILL,          )
*Acting Commissioner of Social Security*, )
                             )
        Defendant.           )

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on February 24, 2017, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claims for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed for SSI on April 13, 2009, alleging disability since March 1, 2009. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who considered plaintiff's claim *de novo*. The ALJ issued an unfavorable ruling, and the decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.

Plaintiff sought review of that decision in this Court. *Caraballo v. Astrue*, 4:12-CV-125-D (E.D.N.C.). This Court vacated the decision of the ALJ and remanded the matter for further

proceedings. While on appeal, plaintiff filed applications for a period of DIB and SSI on October 4, 2010, alleging disability since November 30, 2007. After a second hearing before a different ALJ, plaintiff was again found not to be disabled in a decision dated February 11, 2013. The appeals council granted plaintiff's request for review and remanded the matter back to the ALJ for further consideration.

On June 5, 2015, the ALJ again denied plaintiff's claim for benefits. The appeals council denied plaintiff's request for review and plaintiff timely noticed an appeal of that decision to this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

2

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements through September 30, 2010, and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's non-ischemic cardiomyopathy with history of AICD implant, degenerative disc disease (DDD), diabetes mellitus with neuropathy and gastroparesis, degenerative joint disease, history of right shoulder separation, asthma, obstructive sleep apnea, carpal tunnel syndrome,

3

essential hypertension, hypertriglyceridemia, fatty/enlarged liver, Barrett's esophagus, gastroesophageal reflux disease (GERD), morbid obesity, bipolar disorder, anxiety disorder, and alcohol dependence were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform a severely reduced range of sedentary work with exertional and nonexertional limitations. The ALJ found that plaintiff could not return to his past relevant work in sales and fast food, but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy which plaintiff could perform, including ink printer, paper [sic] printed circuit lay-out, and document preparer. Thus, the ALJ determined that plaintiff was not disabled as of the date of his decision, June 5, 2015.

The decision below is not supported by substantial evidence. First, in his RFC determination the ALJ limited plaintiff to no overhead reaching with his right, dominant side. Tr. 872. An ALJ relies on the *Dictionary of Occupational Titles* (DOT) and its companion publication *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (SCO), when determining what occupations are available that a claimant could perform at step five of the sequential evaluation. SSR 00-4p. The SCO defines "reaching" as extending a hand or arm in any direction. SCO, C-3. Each job identified by the vocational expert (VE) in this case requires frequent reaching. SCO 314, 57, 341. Although the VE stated at the hearing that her testimony had been generally consistent with the DOT, because it is unclear whether any or all of the jobs identified by the VE and relied upon by the ALJ require frequent *bilateral* overhead reaching, and would thus conflict with the ALJ's RFC finding, the ALJ's reliance on such jobs to hold that the

4

Commissioner had satisfied her burden at step five is not supported by substantial evidence. *See Pearson v. Colvin*, 810 F.3d 204, 208-211 (4th Cir. 2015) (ALJ must independently identify and resolve conflicts between VE testimony and DOT, and noting that DOT's definition of "reaching" may require bilateral overhead reaching).

Second, and more importantly, the ALJ erred in relying on the testimony of Dr. Savage. Dr. Savage was designated by the Commissioner as a medical expert and proffered testimony designed to clarify the nature and severity of plaintiff's multiple impairments. Tr. 869. The ALJ assigned Dr. Savage's opinion great weight, and although the ALJ noted that Dr. Savage did not have the opportunity to review additional medical evidence, the ALJ reasoned that the evidence not reviewed by Dr. Savage was not significantly different from that reviewed and addressed by him. *Id.*

The additional evidence not reviewed by Dr. Savage totals some six hundred pages. These records contain medical information regarding plaintiff's visits, treatments, and procedures from 2010 to 2014, including abnormal nerve studies indicating the presence of carpal tunnel syndrome, Tr. 2391; records detailing panic attacks, echocardiogram results, chest pain, and anxiety, Tr. 2116-2306; 2307-2355; a consultative psychological examination performed in 2011, Tr. 2111-2115; as well as notes from plaintiff's pain management doctor, Tr. 1813-1839; and regarding mental health treatment. Tr. 1775-1798. The ALJ's cursory determination that review of these medical records was not required in order for Dr. Savage's opinion to be relevant and entitled to great weight was error. Dr. Savage's expertise was requested so that the ALJ could better understand the complexity of plaintiff's multiple impairments; failure to provide Dr. Savage with hundreds of pages of records spanning years of treatment was not harmless in this instance. *See,*

*e.g.* HALLEX I-2-5-30 (ALJ must make every effort to provide medical expert with essential evidence with sufficient time for expert to consider prior to testifying).

Plaintiff has argued that while the ALJ's conclusion that plaintiff does not meet the criteria for any particular Listing may be supported by substantial evidence, his impairments in combination are equivalent to a Listing. *See* 20 C.F.R. § 404.1526(b)(3). Indeed, "[i]t is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Further, in order to be found not to be disabled, a claimant must be able to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). There is not substantial evidence in the record to support a finding that plaintiff can engage in work on a regular and continuing basis.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002,

6

1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

In *Breeden*, the Fourth Circuit noted that "the statute governing review in Social Security cases authorizes [the court] to reverse the [Commissioner]'s decision 'with or without remanding the cause for a rehearing.'" 493 F.2d at 1011-12 (citing 42 U.S.C. § 405(g)).[1] It further held that such reversal without remand was appropriate where a case had been pending in the agency and courts for almost five years. *Id.* at 1011. This case has been pending for almost eight years and has been remanded for further consideration once by this Court and once by the appeals council. The Court in its discretion finds that remand so that an ALJ might consider plaintiff's claims for a fourth time would serve no purpose. Reversal for an award of benefits is appropriate as the VE's testimony was facially inconsistent with the DOT, undermining the ALJ's finding at step five, and substantial evidence does not support the ALJ's conclusion that Dr. Savage's opinion as to whether plaintiff's impairments meet or equal Listing criteria was entitled to great weight or that plaintiff can engage in work on a regular and continuing basis.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 24] is GRANTED and defendant's motion for judgment on the pleadings [DE 28] is DENIED. The

---

[1] Specifically, the statute as currently codified provides that "[t]he [reviewing] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

7

Case 4:15-cv-00156-BO Document 33 Filed 03/14/17 Page 7 of 8

decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this __13__ day of March, 2017.

                                              TERRENCE W. BOYLE
                                              UNITED STATES DISTRICT JUDGE

Case 4:15-cv-00156-BO Document 33 Filed 03/14/17 Page 8 of 8